El Pueblo, Demandante y Apelado, v. Martínez, Acusado
y Apelante.

Apelación procedente de la Corte de Distrito de San Juan,
Sección Segunda, en causa por falsa representación e
impostura.

No. 1384.—Resuelto en julio 8, 1919.

Falsa Representación en Grado de Tentativa—Jurisdicción de la Corte
Sobre la Persona del Acusado.—En el presente caso se imputó al acusado
apelante el delito de falsa representación en grado de tentativa, consistente
en que con intención de defraudar a Eduardo Méndez la cantidad de cinco
mil dólares, endosó a la orden del American Colonial Bank, de San Juan,
para que dicho banco lo cobrara y acreditara al acusado, un cheque expedido
en Aguadilla por dicho Méndez a favor del acusado y contra el Banco
Comercial de Puerto Rico, sucursal de Aguadilla, a sabiendas de que tal
cheque no era válido y exigible por haberle sido satisfecho anteriormente
al acusado la cantidad para cuyo pago fué expedido.

Apelada la sentencia condenatoria dictada por la Corte de Distrito de San
Juan, Sección 2ª., se resolvió: que como la única intervención que se atribuye
al American Colonial Bank, residente en el distrito de San Juan, es la de
haber tratado de cobrar en Aguadilla, residencia de don Eduardo Méndez,
el cheque que como válido y exigible le envió por correo el apelante, no
tuvo jurisdicción la Corte de Distrito de San Juan para conocer de los hechos
perseguidos en la acusación ya que ni las falsas simulaciones ni el cobro
del cheque tuvieron lugar dentro de su demarcación judicial, y el sólo acto
realizado por el banco residente en su jurisdicción, como agente del ape-
lante, no le confiere jurisdicción para conocer del delito perseguido.

Los hechos están expresados en la opinión.

Abogados del apelante: Sres. Feliú & Alemañy y Víctor
P. Martínez.

Abogados del apelado: Sres. José N. Quiñones, Fiscal In-
terino y José E. Figueras, Fiscal del Supremo.

El Juez Asociado Sr. Aldrey, emitió la opinión del tri-
bunal.

El apelante Víctor P. Martínez fué acusado ante la Corte
de Distrito de San Juan, Sección Segunda, del delito de falsa
representación e impostura en grado de tentativa y repeti-
das veces alegó en diversas ocasiones a la corte que care-
cía de jurisdicción para juzgarle siendo siempre negada su
petición de que dejara de conocer en el asunto. Dictada sen-
tencia condenatoria alega ahora ante nosotros, entre otros

motivos, para que revoquemos la sentencia por él apelada,
la falta de jurisdicción de la corte inferior, por lo que exa-
minaremos en primer término esta cuestión ya que si tiene
razón en este extremo habrá sido nulo todo cuanto se haya
actuado en la corte inferior.

Se imputó al apelante en la acusación que voluntaria y
maliciosamente, con intención de defraudar a don Eduardo
Méndez la cantidad de cinco mil pesos, con fecha 12 de agosto
de 1917 endosó a la orden de "The American Colonial Bank
de San Juan, dentro del distrito judicial de San Juan, para
que esa institución lo cobrara y acreditara al acusado en
cuenta corriente un cheque expedido en Aguadilla por don
Eduardo Méndez con fecha 22 de junio de 1914 a favor del
acusado y contra el Banco Comercial de Puerto Rico, sucursal
de Aguadilla, por la cantidad de cinco mil pesos cuyo cheque
endosó el acusado como válido y exigible, a sabiendas de
que no lo era por haberle sido satisfecha la cantidad para
cuyo pago fué expedido por medio de una carta orden del
Banco Comercial de Puerto Rico, sucursal de Aguadilla, li-
brada con posterioridad pero en la misma fecha de la expe-
dición de dicho cheque y que en virtud de esas falsas y frau-
dulentas simulaciones el acusado obtuvo que el American
Colonial Bank procediese a cobrar dicho cheque de la sucur-
sal en Aguadilla del Banco Comercial de Puerto Rico, depo-
sitario de los fondos de don Eduardo Méndez, no habién-
dose realizado el cobro porque este banco notificó al librador
del cheque, quien protestó contra la validez y exigibilidad
del mismo.

De la prueba resulta que el apelante es vecino del pueblo
de San Sebastián, que dicho cheque lo envió por correo con
una carta dirigida al American Colonial Bank y que don
Eduardo Méndez es vecino de Aguadilla.

La regla para determinar la jurisdicción para conocer de
un delito de falsa representación e impostura en grado de
tentativa es la misma que la que se aplicaría en caso de que

el delito hubiera sido consumado; y como la única interven-
ción que se atribuye al American Colonial Bank, residente
en el distrito de San Juan, es la de haber tratado de cobrar
en Aguadilla, residencia de don Eduardo Méndez, el cheque
que como válido y exigible le envió por correo el apelante,
no tuvo jurisdicción la Corte de Distrito de San Juan, para
conocer de los hechos perseguidos en la acusación ya que ni
las falsas simulaciones ni el cobro del cheque tuvieron lugar
dentro de su demarcación judicial, y el solo acto realizado
por el banco, residente en su jurisdicción como agente del
apelante no le confiere jurisdicción para conocer del delito
perseguido.

La sentencia apelada debe ser revocada.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, del Toro y Hutchison.